**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Nyasia Marie Grant, Appellant.

Appellate Case No. 2023-000696

———————

Appeal From Charleston County
Thomas W. Cooper, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-353
Submitted October 1, 2025 – Filed October 22, 2025

———————

**AFFIRMED**

———————

Appellate Defender Gary Howard Johnson, II, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

———————

**PER CURIAM:** Nyasia Marie Grant appeals her convictions for assault and
battery of a high and aggravated nature (ABHAN) and possession of a weapon
during the commission of a violent crime and concurrent sentences of five years'

imprisonment.  On appeal, Grant argues the trial court erred in denying her motion for a directed verdict because the State failed to present evidence that Victim's "minor" stab wound on her upper arm was "great bodily injury."  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in denying Grant's motion for a directed verdict because the evidence showed Grant unlawfully injured Victim by stabbing her with a large, serrated knife, which we hold is a means likely to produce death or great bodily injury.  *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id.* (providing that when reviewing a denial of a directed verdict motion, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-3-600(B)(1) (2015) ("A person commits the offense of [ABHAN] if the person unlawfully injures another person, and: (a) great bodily injury to another person results; *or (b) the act is accomplished by means likely to produce death or great bodily injury*." (emphasis added)); S.C. Code Ann. § 16-3-600(A)(1) (2015) ("'Great bodily injury' means bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ.").  We also hold Grant's argument on the ambiguity of the statute was not preserved for appellate review because Grant did not raise it as a basis for her directed verdict motion to the trial court and the court did not rule on it.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.